IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID E. LEHMAN, Special Administrator of the estate of Julie A. Lehman, | ) ) ) ) | 7:09CV5007 |
| Plaintiff, | ) ) | |
| | ) | MEMORANDUM AND ORDER |
| V. | ) ) | |
| WAL-MART STORES, INC., | ) ) | |
| Defendant. | ) | |

The defendant has moved to quash a 30(b)(6) deposition notice served by the plaintiffs on December 28, 2010 for a deposition to be held on January 5, 2010. Filing No. 68. The plaintiffs' 30(b)(6) notice seeks testimony regarding:

> WAL-MART's knowledge, prior to July 21, 2009, at the managerial level, in Chadron, Nebraska, of:
>
> a. the dangers/hazards associated with wet and/or slippery interior sales floors at WAL-MART's store in Chadron, Nebraska;
>
> b. the actions by WAL-MART, if any, to eliminate the dangers/hazards identified in the previous paragraph.

Filing No. 70-3, at CM/ECF pp. 2-3. The notice further seeks testimony concerning the circumstances surrounding the purpose and creation, and the information contained within: 1) all photographs of the unaltered incident scene where decedent Julie Lehman fell in the defendant's store; 2) any other photographs of that scene; 3) any documents relating or referring to the disposal, "claimsing-out," or disposition of the damaged bottle of Febreze Auto at issue in this lawsuit; 4) all Safety Team Notes relating or referring to the July 21, 2009 incident; and 5) all documents relating

or referring to a "code white" for an incident that occurred near the pharmacy area of the store during the hour before Julie Lehman's accident. Filing No. 70-3, at CM/ECF pp. 3-4.

The defendant claims the plaintiffs previously deposed the defendant's witnesses on the topics raised in the 30(b)(6) notice, and the plaintiffs' notice is therefore "a second attempt to inquire of the same witnesses concerning the same subject matter covered in previous depositions." Filing No. 68, at CM/ECF p. 3, ¶ 5.

The store manager of the Wal-Mart's store in Chadron, Nebraska, Adam Gardner, was deposed on December 14, 2009, and the entirety of his extensive deposition was filed in support of defendant's motion to quash. Filing No. 70-6. Gardner's deposition included substantial questioning regarding "the dangers/hazards associated with wet and/or slippery interior sales floors" and the actions taken "to eliminate the dangers/hazards." Mr. Gardner was unwilling to agree with the terminology used in many of the questions posed by plaintiffs' counsel, and he refused to provide, in essence, written responses to requests for admission during the course of the deposition, but Gardner explained his concerns with how the questions were phrased and answered the questions accordingly. Although plaintiffs' counsel characterizes Gardner as having, "with the continual assistance of WAL-MART's lawyer, bandied mightily on all issues related to WAL-MART's knowledge," (filing no. 73, at CM/ECF p. 15), Gardner has answered the plaintiffs' questions regarding the danger and hazard of wet floors and the actions taken to eliminate those dangers. Any further questioning on that issue would be repetitive.

Gardner also answered extensive questions regarding the photographs of the accident site. There is no evidence any photographs were withheld prior to deposing any of the Wal-Mart employees, including Gardner, or that as to any witness or person who was present at the accident site, the witnesses refused to answer questions about the photographs. Further questioning of Wal-Mart representatives who have

already been deposed regarding the contents and depictions within photographs would be repetitive.

The remainder of the 30(b)(6) notice includes a Rule 34 request for production of documents identified but not produced during a prior deposition. As described at length in Gardner's deposition, a "code white" (potential injury incident) occurred when a woman had a seizure near the pharmacy prior to Julie Lehman's fall, and a report of this incident may have been generated. Filing No. 70-6, at CM/ECF p. 102-08. The fact that a different Wal-Mart customer suffered a seizure near the pharmacy is not relevant unless the plaintiffs can show Gardner was actually attending to the seizure incident when he claims he observed no spills existing in the automotive department. Therefore, the code white documents of the seizure incident, if any were even created, are relevant only to the extent they indicate the time frame of the pharmacy incident. If such information exists in the form of code white documents, the defendant will be required to produce the documents, but any such documents must be redacted to exclude any identifying and medical information concerning the Wal-Mart customer who had the seizure.

As to the requested "claims out" report, during Gardner's deposition, he admitted a damaged bottle of Febreze Auto was present at the site of Julie Lehman's fall, and after Ms. Lehman was removed from the scene, the bottle was photographed and then discarded. He testified the bottle was likely brought to the back room and "claimsed out" in accordance with Wal-Mart's inventory procedures. Filing No. 70-6, at CM/ECF pp. 113-114, 118-120. Based on the evidence of record, any relevant information within a "claims-out" report would merely confirm Gardner's testimony and the photographs. The report itself is cumulative, and the defendant will not be ordered to produce it.

As to any Safety Team Notes created in response to Julie Lehman's accident, from the record before this court, it is not clear that any such documents exist, that

Safety Team Notes specific to Julie Lehman's accident were requested before the plaintiffs began conducting 30(b)(6) depositions, or that "WAL-MART simply <u>refuses</u> to provide those documents!" Filing No. 73, at CM/ECF p. 17. However, the defendant will be required to produce any Safety Team Notes which may exist and which discuss Julie Lehman's accident.

> Defense counsel acknowledges:
>
> [A]t the depositions of the Wal-Mart representatives in Bentonville, Arkansas, I did represent to attorney Monte Neilan that I would make Adam Gardner available for a Rule 30(b)(6) deposition concerning the limited issue that was contained in the Plaintiff's Notice of Rule 30(b)(6) deposition notice for the Wal-Mart representatives in Bentonville. There was no agreement to make him available for re-examination on topics already covered in the depositions conducted on December 14, 2009.

Filing No. 70-1, at CM/ECF p. 3, ¶ 10. To the extent such an agreement exists and the parties can agree on the terms, this memorandum and order should not be interpreted as foreclosing a second deposition of Gardner. However, the evidence and arguments of counsel currently before the court do not clarify the terms of the parties' agreement, and without such information, the court cannot enforce the agreement.

The court further notes that the parties previously expressed an interest in mediating this case. If that is truly a goal, the tone of plaintiffs' briefing is counter-productive. Discovery motions filed in this court are decided based on the facts presented and the governing law <u>in this case</u>, not on whether "Big Box Retailers" such as Wal-Mart, or its current lawyers, have been sanctioned in other forums, or even in this forum, in prior cases. Phrases such as "WAl-MART is no stranger in paradise with regard to discovery abuses such as those now at issue; neither are its lawyers in this case;" (filing no. 43, at CM/ECF p. 18); "So, for WAL-MART, which

has no soul to be blackened, this motion game is worth the candle," (filing no. 73, at CM/ECF p. 14); "WAL-MART asks this court to remove the spark plugs from the truth engine that is discovery," (filing no. 73, at CM/ECF p. 18); and "The facts uncovered thus far clearly indicate that neither WAL-MART nor its counsel have been candid with this court," (filing no. 73, at CM/ECF p. 18 (emphasis in original); incite anger, undermine any spirit of compromise, and provide no assistance to the court. They will not be tolerated in the future.

    IT IS ORDERED:

1)    On or before January 18, 2010, the defendant shall produce: 1) any Safety Team Notes which may exist that discuss Julie Lehman's accident of July 21, 2009 at the defendant's store in Chadron, Nebraska; and 2) any code white documents which may exist for a seizure incident occurring near the pharmacy on July 21, 2009, but only to the extent they indicate the time frame of the pharmacy incident, and with any identifying and medical information concerning the Wal-Mart customer who had the seizure redacted.

2)    In all other respects, the defendant's motion to quash, (filing no. 68), is granted.

DATED this 11th day of January, 2010.

                              BY THE COURT:

                              *Richard G. Kopf*
                              United States District Judge